NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALISON LORRAINE HATHEWAY,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>BANK OF NEW YORK MELLON, Trustee of Certificate Holders CWALT Incorporated Alternative Loan Trust 2006-18CB Mortgage Pass Through Certificates Series 2006-18CB; CHARLES W. SCHARF, CEO Bank of New York Mellon,<br><br>　　　　　Defendants-Appellees. | No. 19-16679<br><br>D.C. No. 3:18-cv-08332-DLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted July 14, 2020[**]

Before:　CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Alison Lorraine Hatheway appeals pro se from the district court's order

dismissing her action alleging Fair Debt Collection Practices Act violations.  We

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of personal jurisdiction.  *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).  We affirm.

The district court properly dismissed Hatheway's action for lack of personal jurisdiction because Hatheway failed to allege facts sufficient to establish that defendants had continuous and systematic contacts with Arizona to establish general personal jurisdiction, or sufficient claim-related contacts with Arizona to provide the court with specific personal jurisdiction over defendants.  *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074-76 (9th Cir. 2011) (discussing requirements for general and specific personal jurisdiction).

**AFFIRMED.**